UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DR. V.I. FABRIKANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:23-CV-64-KAC-DCP |
| | ) |
| DR. S.V. KALININ, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Fabrikant, a prisoner housed at Archambault Jail in Quebec, Canada, filed a Complaint against Defendant Kalinin, stating that the claim is "made pursuant to US Copyright Act" [Doc. 4 p. 5]. Plaintiff accompanied the filing of his Complaint with an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), which is treated as a motion for leave to proceed "*in forma pauperis*" ("IFP") [Docs. 3, 4].[1] Plaintiff included an Inmate Statement in support of his IFP Application [Doc. 4 pp. 12–27] and submitted a Declaration, stating that his average monthly balance is "somewhat below $1000 Canadian" [Doc. 3-1 p. 1]. Plaintiff further stated that he receives a monthly pension of $358.27 and regular monthly jail employment wages of $58, both in Canadian dollars.[2] Based on this information, it appeared that Plaintiff's average monthly source of income and Inmate Account balance

---

[1] The short form Application is filed as [Doc. 3] but references attachments, including a response from the jailor and the complete financial statement of his prison account for the past six months, which appear in [Doc. 4 pp. 8, 12–27].

[2] Plaintiff also indicates that there is a $7 deduction from his prison account every two weeks and that the deduction will increase to thirty percent in the future [Doc. 3 p. 1].

exceeded the $350.00 filing fee for this action.[3]  Thus, the Court issued a Show Cause Order on August 17, 2023, requiring Plaintiff to show cause why he cannot afford to pay the filing fee and is entitled to proceed IFP within 45 days from the date of entry of the Order [Doc. 5].

Plaintiff responded to the Show Cause Order via email to Chambers dated August 26, 2023. While Plaintiff sent an email correspondence to Chambers, as opposed to mailing a written response to the Clerk's Office for docketing, the Court will treat his email as his response and has instructed the Clerk to docket his email [*See* Doc. 6].  Plaintiff is **ADMONISHED**, however, that any future filings must be made via regular mail addressed to the Clerk's Office.

In his response, Plaintiff states, "You have my financial statements with all the details as to how my money [is] being spent. So please clarify as to what exactly you need in addition to these statements." [*Id.*].  The Court does not deem any further clarification necessary given that Plaintiff has been provided with an opportunity to include any additional information concerning his financial status but states that he has given all details of his financial situation with the statements already provided.

Federal law provides that the clerk of each district court shall require parties instituting any civil action, suit or proceeding in such court to pay a filing fee. 28 U.S.C. § 1914(a).[4]  To ensure access to the courts, insolvent litigants, including prisoners, may seek permission to proceed without initially paying a filing fee by filing an IFP application.[5]  *See Simons v.*

---

[3]  The Court does not endeavor to calculate an exact currency conversion; however, the value of Plaintiff's average monthly balance appears to exceed twice the amount of the filing fee.

[4]  The current charge to file a civil action is $402, which is comprised of a $350 filing fee and $52 administrative fee; however, the administrative fee does not apply to litigants granted IFP status under 28 U.S.C. § 1915.  *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[5]  Plaintiff asserts, "the [P]rison [L]itigation [R]eform Act is not applicable to me because I am not in American jail and I am not suing on the subject of jail condition." [Doc. 6].  However,

*Washington*, 996 F.3d 350, 352 (6th Cir. 2021) (citations omitted). A plaintiff seeking IFP status must complete an IFP application and provide answers to the stated questions under penalty of perjury [*See* Doc. 3 p. 1].

In this case, the Court has reviewed Plaintiff's IFP Application and provided him with an opportunity to submit any additional information for the Court's consideration. Based on the record before the Court, the undersigned finds that the information set forth in Plaintiff's IFP Application, including his Inmate Account statements and Declaration, does not satisfy his burden of demonstrating that he is unable to pay the filing fee. Plaintiff's average monthly Inmate Account balance is slightly below $1,000, he receives a monthly pension of $358.27, and he earns regular monthly jail employment wages of approximately $58. Therefore, it appears that Plaintiff's average monthly source of income and Inmate Account balance well exceed the filing fee for this action.[6] Although IFP applicants need not be completely destitute to qualify for IFP status, a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). "Prisoners with periodic income have 'means'" even when they lack 'assets.'" *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001) (disallowing the plaintiff to proceed without prepayment of the initial filing fee under § 1915(b)(4) where trust account indicated regularly receipt of prison wages).

---

to proceed as a pauper, a litigant must establish that he or she is unable to pay costs, and a prisoner, who brings any civil action, shall be required to pay the full amount of a filing fee. *See* 28 U.S.C. § 1915.

[6]  *See Deryke v. Carson City Correctional Health Care*, No. 1:22-cv-590 (W.D. Mich. Aug. 8, 2022) [Doc. 5] (denying pro se prisoner's motion to proceed in forma pauperis because plaintiff's average monthly deposits were $53.53, and his spendable balance when he filed the motion was $974.15); *Bass v. Taskila*, No. 2:21-cv-235, 2022 WL 47258, at *12–13 (W.D. Mich. Feb. 16, 2022) (denying pro se prisoner's motion to proceed in forma pauperis because his average monthly deposits were $290.55, and his spendable balance was $767.92 when he filed the motion); *Williams v. Brown*, No. 2:21-cv-251 (W.D. Mich. Jan. 27, 2022) [Doc. 6] (denying plaintiff's motion for leave to proceed in forma pauperis because his average monthly deposits were $550.35, and his spendable balance when he file the motion was $1,030.36).

Accordingly, the undersigned recommends that Plaintiff's motion to proceed *in forma pauperis* [**Doc. 3**] be **DENIED**.[7]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[7] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).