UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DR. V.I. FABRIKANT | ) |
| Plaintiff, | ) |
| | ) No.: 3:23-cv-64-KAC-DCP |
| v. | ) |
| DR. S.V. KALININ, | ) |
| Defendant. | ) |

## ORDER ADOPTING REPORT & RECOMMENDATION

Before the Court is United States Magistrate Judge Deborah C. Poplin's "Report and Recommendation" ("Report") entered on September 6, 2023 [Doc. 7]. Plaintiff Dr. V.I. Fabrikant; a prisoner at Archambault Institution in Quebec, Canada; filed a pro se "Complaint" alleging violations of the "US Copyright Act" [Doc. 4 at 5]. As relevant here, he also filed (1) an "Application to Proceed in District Court without Prepaying Fees or Costs" [Doc. 3] and (2) a Statement [Doc. 4 at 12-27] that appears to be submitted in support of his Application. Because those initial filings indicated that Plaintiff was not entitled to proceed in forma pauperis, the Court issued an Order requiring him to show cause why the Court should not deny the Application [Doc. 5]. Thereafter, Plaintiff emailed[1] a response to Judge Poplin's chambers, which the Court docketed [Doc. 6].

After considering the relevant filings, the Report recommends that the Court deny Plaintiff's Application because the record fails to show that Plaintiff is "unable to pay the filing

---

[1] Email is not an appropriate method of filing documents in this action. *See* E.D. Tenn. L.R. 5.1, 5.2, 83.13 ("Parties proceeding *pro se* shall . . . follow the Federal Rule of Civil Procedure and these rules"). But the Court exercised its discretion to receive Plaintiff's email in that instance, for Plaintiff's benefit [Doc. 7 at 2].

fee" [Doc. 7 at 3, 4]. Plaintiff filed "Objections [Doc. 8]," in which he raised four specific objections [Doc. 8]. The Court addresses each in turn.

*First*, Plaintiff objected that before examining his financial status, the Report allegedly failed to consider (1) "[w]hether the US Federal Court has the jurisdiction to adjudicate the claim" and (2) the adequacy of his Complaint [Doc. 8 at 1]. Given that Plaintiff purports to bring a claim under the "US Copyright Act," a law of the United States, the Court has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1331. Where a pro se plaintiff is permitted to proceed without prepaying the filing fee, the Court has an obligation to screen the complaint for frivolity, failure to state a claim, and defendant immunity, *see* 28 U.S.C. § 1915(e)(2)(B), but "a court's responsibility under the Prison Litigation Act is to *first* examine the financial status of a prisoner and make the assessment of fees." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (emphasis added). Indeed, if Plaintiff were to timely pay the required filing fee, the Complaint would not be subject to screening at all. *See Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999). Therefore, the Court overrules this objection.

*Second*, Plaintiff argues that the Report erred by considering a filing fee of $350, when the actual charge is $402. This objection mischaracterizes the Report, which states, "the current charge to file a civil action is $402, which is comprised of a $350 filing fee and $52 administrative fee; however, the administrative fee does not apply to litigants granted IFP status under 28 U.S.C. § 1915" [Doc. 7 at 2 n.4]. Accordingly, the Court overrules this objection.

*Third*, Plaintiff argues that the filing fee will consume too much of his savings and that his monthly income is spent on expenses "which cannot be delayed" [Doc. 8 at 1]. Those expenses "which cannot be delayed" include "food, since jail food is mostly inedible" and "scientific research" [*Id.* at 1-2]. The record shows that Plaintiff has sufficient savings to cover the filing

fee—approximately double the amount required after considering currency conversion [Doc. 7 at 2 n.3].  Moreover, his combined income of over $400 CAD per month is not insignificant and ensures that he will "be able to provide himself . . . with the necessities of life" [*See* Doc. 7 at 3].  *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 334 (1948).  Accordingly, the Court overrules this objection.

*Finally*, Plaintiff argues that because he was "granted procedure IFP" "in the Canadian Courts," permitting him to "pay[] zero for anything," he should be permitted to do the same in a United States district court under United States law.  When seeking to file an action in a United States district court without paying a filing fee, a plaintiff must comply with the law of the United States.  *See* 28 U.S.C. §§ 1914(a), 1915.  Here, that law requires a party "instituting any civil action" "to pay a filing fee," 28 U.S.C. § 1914(a), unless the party qualifies to proceed in forma pauperis, *id.* at § 1915.  Because the record does not establish that Plaintiff qualifies to proceed in forma pauperis under the laws of the United States, the Report properly denied Plaintiff's Application.  Accordingly, the Court overrules this objection.

Upon review of the entire record, the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 7] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2).  The Court **DENIES** Plaintiff's "Application to Proceed in District Court without Prepaying Fees or Costs" [Doc. 3]. **If Plaintiff wishes to proceed with this action, he MUST pay the filing fee withing thirty (30) days of the entry of this Order.**  Failure to timely pay the filing fee will result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge